1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LALO CORREA, | Case No.  1:13-cv-00598-AWI-SAB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| CONNIE GIPSON, et al., | (ECF No. 13) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## PROCEDURAL HISTORY

Plaintiff Henry Lalo Correa, a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a complaint in this action on April 22, 2013.  On January 27, 2014, Plaintiff's complaint was screened and found to state a cognizable claim of excessive force against Defendant McMurray.  Plaintiff was ordered to file an amended complaint or notify the Court that he wished to proceed only on the claims found to be cognizable in the complaint.  On February 24, 2014, Plaintiff filed a first amended complaint.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran.  On June 15, 2011, Plaintiff was in the recreation yard along with other Northern Hispanic prisoners.  (First Am. Compl. 6,[1] ECF No.

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

13.)  At the time, the facility was on a modified lockdown from a previous incident that occurred between rival Northern and Southern Hispanic inmates.  (Id. at 6-7.)

Defendant McMurray, Sergeant Mendez, and an unidentified correctional officer were escorting some Southern Hispanic inmates across the yard.  The Southern Hispanic inmates were not restrained pursuant to the program status report issued June 13, 2011.  As these inmates were being escorted across by yard, they ran away from the escorting officers and began attacking and fighting with Plaintiff and other Northern Hispanics.  (Id.)

Defendant McMurray and Sgt. Mendez ordered all inmates to prone out on the yard. Plaintiff saw his cellmate being attacked by a Southern Hispanic inmate and began wrestling with the Southern Hispanic inmate.  Defendant McMurray ran over and began hitting Plaintiff with his baton causing a laceration to his skull, an abrasion to his arm, and a concussion. Plaintiff contends that after the incident Defendant McMurray wrote a report stating that Plaintiff had run into the baton when Defendant McMurray was attempting to strike the other inmate. (Id.)

Plaintiff brings this action against Defendant McMurray alleging excessive force and deliberate indifference in violation of the Eighth Amendment.

For the reasons discussed below, Plaintiff fails to state a cognizable claim for relief and the Court recommends that this action be dismissed for failure to state a claim.

**IV.**

**LEGAL STANDARD**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503

U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

**V.**

**DISCUSSION**

In his initial complaint, Plaintiff alleged that he was being attacked by other inmates while he was prone out on the ground complying with orders at the time that Defendant McMurray struck him with the baton.  (Compl. 15, ECF No. 1.)  For this reason, the complaint was found to state a cognizable claim.  However, Plaintiff tells a much different story in his amended complaint.

Plaintiff contends that the report of Officer Cowart on this incident is true.  Officer Cowart's report indicates that she responded to two inmates who were fighting and attempted to strike one of the inmates in the back of the thigh, but he moved and she made contact with his middle back.  At this time, Plaintiff ran over and began fighting with the inmates.  All three of the inmates were tangled up together.  (Incident Report, attached to Compl. at 33-34.)

While Plaintiff alleges that Defendant McMurray's report is false, it is not inconsistent with that of Officer Cowart.  Defendant McMurray reports that he was attempting to strike one of the inmates that were fighting in the upper thigh and the inmate moved to the left causing him

to miss.  However, at this time Plaintiff came from behind attempting to attack the inmate and the baton hit him in the head.  (Incident Report, attached to Compl. at 35-36.)

It is clear that at the time that this incident occurred several inmates were fighting and both Officer Cowart and Defendant McMurray were attempting to break up the fight.  Just as Officer Cowart indicated that the inmates were moving causing her to miss her target, Defendant McMurray's report states the same.

Plaintiff claims that during the fight Officer Cowart was striking the other inmate in the thighs and lower back and used "considerably less force" contending that the force used by Defendant McMurray was excessive.  This does not show that the force used by Defendant McMurray was malicious and for the purpose of causing harm.

In this instance, the inmates on the yard were engaged in an altercation and Plaintiff, disobeying the order to prone out, jumped in and began fighting with another inmate.  While Plaintiff suffered injury as a result of Defendant McMurray's attempts to break up the fight, there are no facts alleged to show that the cause of Plaintiff's injuries was other than Defendant McMurray's good-faith effort to maintain or restore discipline.  Wilkins, 130 S.Ct. at 1178.

Further, Plaintiff does not allege any facts to state a plausible claim that he was at a serious risk of harm and any prison official failed to take appropriate actions in response.  Plaintiff was injured when he ran into the fight and there is no indication that he would have suffered any injury had he complied with the order to prone out.  Plaintiff has failed to state a plausible claim for excessive force against Defendant McMurray.

## VI.

### CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to

1    amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446,

2    1448-49 (9th Cir. 1987).

3           Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with

4    prejudice, for Plaintiff's failure to state a cognizable claim for relief.

5           These findings and recommendations are submitted to the district judge assigned to this

6    action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

7    days of service of this recommendation, any party may file written objections to these findings

8    and recommendations with the Court and serve a copy on all parties.  Such a document should be

9    captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district

10   judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

11   636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

12   waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

13   1991).

14

15   IT IS SO ORDERED.

16      Dated:   **March 7, 2014**

                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                    6